UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NCR CORPORATION, a Maryland corporation, | ) | |
| Plaintiff, | ) ) ) | Case No. |
| vs. | ) ) | |
| ALTICOR INC., a Michigan corporation, AMWAY CORPORATION, a Delaware corporation, and QUIXTAR INC., a Virginia corporation, | ) ) ) ) ) ) | DEMAND FOR JURY TRIAL 07CV1057 JUDGE CONLON MAGISTRATE JUDGE KEYS |
| Defendants. | ) | |

KC FILED
FEB 2 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff NCR Corporation ("Plaintiff" and "NCR"), as and for its Complaint against Defendants Alticor Inc. ("Alticor"), Amway Corporation ("Amway"), and Quixtar Inc. ("Quixtar") (referred to collectively below as "Defendants"), by its undersigned counsel, hereby alleges as follows:

## PARTIES

1. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business located at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

2. On information and belief, Defendant Alticor Inc. is a Michigan corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan 49355.

3. On information and belief, Defendant Amway Corporation is a Delaware corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan, 49355.

4. On information and belief, Defendant Quixtar Inc. is a Virginia corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan 49355.

## JURISDICTION

5.     The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq*. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

## VENUE

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

7.     Plaintiff NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

   a.     U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3, 1998, entitled "System and Method for Performing Intelligent Analysis of a Computer Database", attached hereto as Exhibit A;

   b.     U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers", attached hereto as Exhibit B;

   c.     U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23, 1999, entitled "Security Aspects of Computer Resource Repositories", attached hereto as Exhibit C;

   d.     U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources", attached hereto as Exhibit D;

  e. U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map", attached hereto as Exhibit E;

  f. U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database", attached hereto as Exhibit F;

  g. U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image", attached hereto as Exhibit G;

  h. U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31, 2002, entitled "Computerized Asset Management System", attached hereto as Exhibit H; and

  i. U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30, 2004, entitled "Method and Apparatus for Forming User Sessions and Presenting Internet Data According to the User Sessions", attached hereto as Exhibit I.

  8. Defendants directly and/or through subsidiary or affiliate companies, own and operate an Internet website at www.quixtar.com (the "Website").

  9. Defendants, by their design, manufacture or construction of the Website and/or the supporting systems, and/or by their use and operation of the Website, and/or by performing certain methods in connection with the operation of the Website, have infringed and continue to infringe one or more claims of each of the NCR Patents. The Website, including the system or systems, hardware, data, firmware, and software that constitute the Website or make the operation of the Website possible, are referred to herein as the "Accused Systems".

### FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,832,496)

  10. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 9 above as if set forth herein in full.

OHS East:160154655  3

11. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '496 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '496 Patent and/or have induced or contributed to infringement of the '496 Patent;

    (b) The infringement by Defendants of NCR's '496 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c) The infringement by Defendants of NCR's '496 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 5,951,643)

12. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 11 above as if set forth herein in full.

13. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '643 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '643 Patent and/or have induced or contributed to infringement of the '643 Patent;

    (b)    The infringement by Defendants of NCR's '643 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)    The infringement by Defendants of NCR's '643 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,991,791)

14.    Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 13 above as if set forth herein in full.

15.    Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '791 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '791 Patent and/or have induced or contributed to infringement of the '791 Patent;

    (b)    The infringement by Defendants of NCR's '791 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)    The infringement by Defendants of NCR's '791 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,026,403)

16. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 15 above as if set forth herein in full.

17. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '403 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '403 Patent, and/or have induced or contributed to infringement of the '403 Patent;

    (b) The infringement by Defendants of NCR's '403 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c) The infringement by Defendants of NCR's '403 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,169,997)

18. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 17 above as if set forth herein in full.

19. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '997 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '997 Patent and/or have induced or contributed to infringement of the '997 Patent;

    (b)    The infringement by Defendants of NCR's '997 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)    The infringement by Defendants of NCR's '997 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,253,203)

20.    Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 19 above as if set forth herein in full.

21.    Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '203 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '203 Patent, and/or have induced or contributed to infringement of the '203 Patent;

    (b)    The infringement by Defendants of NCR's '203 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendants of NCR's '203 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,480,855)

22. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 21 above as if set forth herein in full.

23. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '855 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 Patent, and/or have induced or contributed to infringement of the '855 Patent;

(b) The infringement by Defendants of NCR's '855 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Defendants of NCR's '855 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,502,096)

24. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 23 above as if set forth herein in full.

25. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '096 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '096 Patent and/or have induced or contributed to infringement of the '096 Patent;

    (b) The infringement by Defendants of NCR's '096 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c) The infringement by Defendants of NCR's '096 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,714,931)

26. Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1 - 25 above as if set forth herein in full.

27. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '931 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '931 Patent and/or have induced or contributed to infringement of the '931 Patent;

(b)     The infringement by Defendants of NCR's '931 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Defendants of NCR's '931 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** NCR requests judgment:

(a)     That each of the NCR Patents, and claims thereof, are valid and enforceable;

(b)     That Defendants have infringed one or more of the claims of each of the NCR Patents and that their infringement has been willful;

(c)     That NCR has been irreparably harmed by the infringing activities of Defendants;

(d)     That Defendants, their officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successor or assignees of the interests or assets related to the Accused Systems, be preliminarily and permanently enjoined from further infringement of the NCR Patents;

(e)     That an accounting be had for the damages caused to NCR by the infringing activities of Defendants;

(f)     That NCR be awarded damages adequate to compensate for the infringement by Defendants, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by Defendants, including pre- and post-judgment interest, and costs, including expenses;

(g) That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

(h) That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i) That NCR be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NCR hereby demands a trial by jury of all issues so triable.

Dated:  February 22, 2007

BRIAN D. ROCHE
SACHNOFF & WEAVER, LTD.
10 S. Wacker Dr.
Chicago, IL 60606-7507
TEL: 312-207-6490
FAX: 312-207-6400
broche@sachnoff.com

_____
BRIAN D. ROCHE, BAR NO. 06183795
Attorney for Plaintiff
NCR CORPORATION

*Of Counsel*
PAUL R. GUPTA
CLIFFORD R. MICHEL
ORRICK, HERRINGTON &
SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
TEL: 212-506-5000
FAX: 212-506-5151
pgupta@orrick.com
crmichel@orrick.com
Attorneys for Plaintiff
NCR CORPORATION

941383